[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 14-14523
Non-Argument Calendar

————————————————

D.C. Docket No. 9:14-cr-80061-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY E. GROOVER,

Defendant-Appellant.


————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(August 25, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Jeffrey Groover appeals his convictions for bank fraud, conspiracy to commit bank fraud, and aggravated identity theft.  He also appeals the district court's imposition of the sophisticated means sentence enhancement under U.S.S.G § 2B1.1(b)(1)(C).

Groover argues that the district court erred when it found that his wife had actual or apparent authority to consent to law enforcement's warrantless search of his password-protected user account on his computer.  Groover argues that he and his wife used different accounts on the same laptop and that his was password protected.  His wife only knew the password because he had given it to her for the limited purpose of resolving a printer problem.  By password-protecting his account, Groover argues, he demonstrated his Fourth Amendment expectation of privacy and he did not give that up when he provided the password to his wife.

In United States v. Matlock, 415 U.S. 164, 171, 94 S. Ct. 988, 993 (1974), the Court held consent to search may be provided by a third party who possesses common authority over the premises.  It further refined this statement by noting that "'[c]ommon authority' rests 'on mutual use of the property by persons generally having joint access or control for most purposes.'" Illinois v. Rodriguez, 497 U.S. 177, 181, 110 S. Ct. 2793, 2797 (1990) (citation omitted).  Even if the consenting party does not in fact have the required relationship to the premises, if the officer has an objectively reasonable, though mistaken, good-faith belief that

2

the consent was a valid consent, there is no Fourth Amendment violation.

Rodriguez, 497 U.S. at 186, 110 S. Ct. at 2800;  see also United States v. Brazel,

102 F.3d 1120, 1148 (11th Cir. 1997).

Here, the officers first encountered Groover's wife after going to Groover's

apartment and obtaining her consent to search their shared home.  During that

search, the agents found Groover's laptop and seized it.  However, the agent

assigned to searching the computer's contents told the lead agent that he needed

consent to search Groover's password-protected account.  That agent then

contacted Groover's wife, who provided the password without hesitation.  It was

objectively reasonable for the agent to believe that Groover's wife had authority to

consent to the search given the close marital relationship, their shared use of the

computer, and her knowledge of the password; therefore, there was no Fourth

Amendment violation.

Next, Groover argues that the court's use of the sophisticated means

enhancement was erroneous because he did not use sophisticated means to execute

or conceal his crimes.  He points out that his fraud was quickly and easily

discovered by the bank because the customer he was attempting to impersonate

was a woman.

Under the sentencing guidelines, a two-level enhancement is applied to a

defendant's offense level when the offense involved the use of sophisticated

means.  U.S.S.G § 2B1.1(b)(10).  According the guidelines commentary, "sophisticated means" entails "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense," and the commentary provides as an example such conduct as "hiding assets or transactions, or both, through the use of fictitious entities [and] corporate shells." U.S.S.G. § 2B1.1 cmt. n.9.

Here, Groover's scheme involved multiple steps that took several weeks to stage and implement.  Sequentially, he stole Miller's identity, obtained her personal identification information; posed as her at several banks and post offices; opened bank accounts and credit cards in her name; created a fake Florida driver's license in her name with his picture; stopped her mail at the post office so that he could intercept the fake credit and debit cards; linked the bank account that he created to her existing line of credit; withdrew funds from her line of credit by using accomplices who attempted to cash a large, fraudulent home down payment check drawn on the newly created and fake account; and attempted to obtain a false alibi witness.  Groover had previously testified to the United States Senate that the techniques required for stealing identities were "lengthy and technical." Given the evidence of the lengths to which Groover went to commit this crime, the district court did not clearly err when it applied the enhancement.

4

AFFIRMED.[1]

_____

[1]    Groover's motion to file a corrected reply brief is GRANTED.